```
                    United States District Court
                      District of Massachusetts
 _____
                               )
Ahmed Eissa,                   )
                               )
          Plaintiff,           )
                               )
          v.                   )   Civil Action No.
                               )   21-11515-NMG
LEDVANCE LLC, et al.,          )
                               )
          Defendants.          )
 _____)
```

**MEMORANDUM & ORDER**

**GORTON, J.**

This case arises out of the August, 2020, termination of plaintiff Ahmed Eissa ("Eissa" or "plaintiff") by his employer, Ledvance LLC ("Ledvance") following his return from parental leave and a period of remote work.  Thereafter, Eissa brought this action, asserting various claims under federal and state law against Ledvance and several of its employees: Karsten Fetten ("Fetten"), Marci Piper ("Piper") and Alan Barlow ("Barlow") (collectively, "the defendants").

In September, 2021, defendants moved to dismiss most of plaintiff's claims.  This Court allowed that motion, in part, and denied it, in part, in August, 2022 ("the August Memorandum & Order").  Plaintiff moved for reconsideration of much of that order shortly thereafter but the parties requested additional time to brief the matter while they participated in alternative

-1-

dispute resolution.  The case did not settle at that time and, in December, 2022, defendants filed their opposition to the motion for reconsideration.  Plaintiff then sought leave to reply which defendants opposed.

For the reasons that follow, plaintiff's motion for reconsideration (Docket No. 17) will be allowed, in part, and denied, in part.  Plaintiff's amended motion for leave to reply (Docket No. 38) will be denied.

## I.  **Plaintiff's Motion for Reconsideration**

### A.  Legal Standard

The Court has "substantial discretion and broad authority to grant or deny" a motion for reconsideration. Ruiz Rivera v. Pfizer Pharm., LLC, 521 F.3d 76, 81-82 (1st Cir. 2008).  The United States Supreme Court has cautioned that

> courts should be loathe to reconsider orders in the absence of extraordinary circumstances such as where the initial decision was clearly erroneous and would work a manifest injustice.

Lyons v. Fannie Mae, 2019 U.S. Dist. LEXIS 74006 at *6 (citing Christianson v. Colt Indus. Operating Corp, 486 U.S. 800, 817 (1988)) (cleaned up).

A motion for reconsideration should be allowed if the movant demonstrates: 1) an intervening change in the law, 2) the discovery of new evidence or 3) a manifest error of law. Id. at *7.  Mere disagreement with a judicial decision is not an

adequate basis for reconsideration. Ofori v. Ruby Tuesday, Inc., 205 F. App'x 851, 852-53 (1st Cir. 2006).

**B. Application**

In his motion for reconsideration, plaintiff contends that the dismissal of Counts I – IV, V (as to Barlow), VII (as to Barlow and Piper) and IX should be vacated. The majority of the memorandum comprises unadorned requests to revise conclusions painstakingly crafted. One aspect of plaintiff's motion, concerning the scope of the Court's dismissal of Counts I - IV, does, however, raise a more substantial matter.

**1. Counts I - IV**

In its August Memorandum & Order, this Court dismissed the entirety of Counts I – IV. Although the memorandum set out the grounds for dismissal of those claims with respect to conduct which occurred prior to January 4, 2020, the dismissal of those claims with respect to conduct occurring after January 4, 2020, was inadvertently not addressed in either the memorandum or the order.

Defendants respond that their plenary request for relief and various arguments for dismissal and/or in opposition to reconsideration nevertheless provide a basis for the wholesale dismissal of Counts I – IV. In light of the Court's reasoning in its August Memorandum and Order and the fact that defendants focused on dismissal of those claims to the extent they were

"based on conduct arising before January 4, 2020", it would be improper not to acknowledge the viability of claims relating to conduct allegedly occurring after January 4, 2020.

Plaintiff gratuitously contends that even the conduct which occurred before January 4, 2020, is not time-barred but those arguments are redundant of those already considered and rejected in the August Memorandum & Order and therefore Counts I – IV will be reinstated only to the extent they are based upon actionable conduct occurring after January 4, 2020.

### 2. Counts V, VII and IX

Eissa contends that Count V against Barlow was improperly dismissed because he had no opportunity to argue that Barlow was an "employer" under the Family Medical Leave Act ("FMLA") and that the complaint supports such a finding in any event. The Court is unpersuaded by plaintiff's attempt to reframe the allegations in the complaint in order to establish that Barlow was an "employer" under the FMLA but, to the extent there are unalleged facts which would support a different conclusion, the Court has permitted Eissa to seek leave to amend his complaint. Plaintiff has now sought leave to do so and his request will be granted.

With respect to Count VII, the Court found that plaintiff had not stated a claim for intentional interference with contractual or business relations against either Piper or

Barlow. Eissa argues that the Court did not draw all reasonable inferences in his favor but his contention misses the mark. The complaint does not contain allegations which link Piper's allegedly malicious comments to Eissa's termination. Nor does plaintiff allege specific facts which support an inference of actual malice on the part of Barlow. Plaintiff's disagreement with the Court's conclusion does not constitute a sufficient basis for reconsideration.

Finally, plaintiff seeks reinstatement of his claim for breach of the implied covenant of good faith and fair dealing (Count IX) but proffers only the bare assertion that the Court failed to draw all reasonable inferences in his favor. That argument is unavailing. The complaint contains mere cursory allegations that Eissa was denied unspecified bonuses and other benefits. Further details about the parties' contract and the purported breach are entirely lacking. Count IX is unsupported by the allegations in the complaint and the motion to reinstate it will, therefore, be denied.

## II.  **Plaintiff's Motion for Leave to File a Reply Brief**

Plaintiff also moves for leave to file a reply. According to his motion, the proposed reply would primarily address procedural issues with respect to the Motion for Reconsideration which are now moot in view of the Court evaluation and allowance (at least in part) of that motion.

-6-

Furthermore, plaintiff avers that he would raise a new argument in opposition to the dismissal of his claims. Such argument is, according to plaintiff, based upon a 2021 case of which he "was aware . . . at the time the Defendants filed their partial motion to dismiss". Defendants cited and addressed that case in September, 2021, in their memorandum in support of dismissal. The Court will not allow plaintiff to raise new legal arguments related to that case in reply to his own Motion to Reconsider when such arguments could have been raised more than a year prior in his opposition to the motion to dismiss of defendants.

Plaintiff's motion for leave to reply will, therefore, be denied.

**ORDER**

For the foregoing reasons, plaintiff's motion for reconsideration (Docket No. 17) is,

1) as to the conduct occurring after January 4, 2020, at issue in Counts I – IV, **ALLOWED**, but

2) as to the remainder of Counts I – IV and Counts V, VII and IX, **DENIED**.

Plaintiff may file, on or before May 19, 2023, an amended complaint addressing, if the facts so warrant, the reasons why defendant Barlow may be considered an "employer" under the FMLA.

Finally, plaintiff's amended motion for leave to file a reply (Docket No. 38) is **DENIED**.

**So ordered.**

           /s/ Nathaniel M. Gorton
           Nathaniel M. Gorton
           United States District Judge

Dated:  May 3, 2023